IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| ARNELLE ADAMS, | : | |
| | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| EARLY WARNING SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Arnelle Adams ("Plaintiff"), by counsel, hereby files her Complaint ("Complaint") against Defendant, Early Warning Services, LLC ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. Defendant prepared consumer reports concerning Plaintiff and provided them to third parties. As set forth below, the consumer reports prepared by Defendant contained false and inaccurate information about Plaintiff concerning a Bank of America checking account ending in account #5644 (the "Account"). Plaintiff disputed the inaccurate information with Defendant and Defendant failed and refused to correct it.

4. Plaintiff has been harmed as a result of Defendant's conduct.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and a "consumer" under the FCRA. She resides in this District and Division.

6. At all times material to this action, Defendant was a foreign limited liability company doing business in the State of Florida and in this District.

7. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

10. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. Defendant maintains a consumer credit file on Plaintiff.

12. Defendant has included the Account in Plaintiff's credit file.

13. Defendant has included a notation for the Account stating "Checking Account Fraud." A copy of the subject report, with PII redacted, is attached hereto as Exhibit A.

14. Defendant's reporting of "Checking Account Fraud" in relation to the Account is false and inaccurate. Plaintiff has never engaged in "Checking Account Fraud" in relation to the Account. No one else has engaged in "Checking Account Fraud" in relation to the Account.

15. Defendant also included a notation for the Account stating "Unpaid."

16. Defendant's reporting of "Unpaid" for the Account is false and inaccurate. Plaintiff has paid any and all sums due to Bank of America in relation to the Account.

17. When Plaintiff learned of Defendant's false and inaccurate reporting of the Account, she disputed it with Defendant ("First Dispute").

18. In response, as reflected in its correspondence to Plaintiff dated September 14, 2023, Defendant failed and refused to correct its inaccurate reporting on the Account. A copy of Defendant's correspondence is attached hereto as Exhibit B.

19. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's First Dispute.

20. Plaintiff thereafter made a second dispute of the inaccurate information with Defendant ("Second Dispute").

21. In response, Defendant failed and refused to correct its inaccurate reporting on the Account.

22. In Defendant's disclosures to Plaintiff and other consumers to which it sends similar disclosures, Defendant provides its "Definitions of terms used to create this file" ("Definitions"). A copy of Defendant's Definitions is attached hereto as Exhibit C.

23. Defendant, in its own Definitions, defines its notation "Checking/Transaction Account Fraud as "[t]ransacting or attempting to transact, with an Account in a fraudulent manner, including, but not limited to, the passing of forged, altered, closed account, or stolen checks, or

3

kiting (including drawing on: (a) a counterfeit or insufficient check deposit; (b) an empty ATM deposit envelope; (c) non-negotiable items; and/or willful misrepresentation of the transaction amount."

24. Upon information and belief, Defendant provides these Definitions, or ones substantially similar to them, to the users and third parties to whom it sells consumer reports, including consumer reports it sells concerning Plaintiff.

25. Defendant provided consumer reports to third parties concerning Plaintiff including: Comcast Corporation via Forte (on 10/07/2023), Navy Federal Credit Union (on 07/27/2023), and ATM/Square via Forte (on 12/30/2022) (collectively the "Users"). Upon information and belief, Defendant included its inaccurate reporting of the Account, as described above, to each of these companies in the consumer reports about Plaintiff that it sold to them.

26. As a result, Defendant portrayed Plaintiff to these companies as a fraudster in relation to the Account and someone who had engaged in the sort of check kiting and other bad acts contained in Defendant's Definition of Checking Account Fraud.

27. As a result of Defendant's violations of the FCRA, Plaintiff has suffered damages including reputational harm from Defendant's false and inaccurate portrayal of her as a check fraudster; embarrassment caused by Defendant's false reporting about her to third parties; sleeplessness over Defendant's stubborn refusal to correct its inaccurate reporting; emotional distress from Defendant's labeling her as a check fraudster or check kiter; time and effort to review the credit files Defendant maintains on her for accuracy; time and effort making disputes with Defendant concerning its inaccurate reporting; postage to send disputes to Defendant; and, other damages to be presented at trial.

28. As a result of Defendant's conduct, Plaintiff has been required to retain counsel to represent her interests and enforce her rights under the FCRA when Defendant would not simply correct its inaccurate reporting in response to her First Dispute and Second Dispute.

**COUNT ONE:  DEFENDANT'S VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681 E(B)**

29. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

30. The consumer reports that Defendant prepared concerning Plaintiff were inaccurate for the reasons described above because she never committed checking account fraud on the Account.

31. Defendant negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer reports it prepared on Plaintiff and provided to the Users to whom it sold consumer reports about Plaintiff.

32. As a result, Plaintiff has suffered and is entitled to recover her actual damages as described above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

33. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

34. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

35. Plaintiff is also entitled to recover the costs of this action and her reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

**COUNT TWO: DEFENDANT'S VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681 I(A)**

36. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

37. Plaintiff disputed Defendant's inaccurate reporting of the Account with Defendant in, at least, the First Dispute and the Second Dispute.

38. Defendant negligently or willfully failed to undertake a reasonable reinvestigation of Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a).

39. As a result, Plaintiff has suffered and is entitled to recover her actual damages as described above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

40. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

41. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

42. Plaintiff is also entitled to recover the costs of this action and her reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

    A. an award of actual damages in her favor;

    B. an award of statutory damages in her favor;

    C.    an award of punitive damages in her favor;

    D.    an award of her costs and reasonable attorney's fees; and,

    E.    all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Arnelle Adams, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

This 8th day of April 2024.

> */s/Robert W. Murphy*
> Robert W. Murphy
> Florida Bar No. 717223
> LAW OFFICE OF ROBERT W. MURPHY
> 440 Premier Circle, Suite 240
> Charlottesville, VA 22901
> T: (434) 328-3100
> F: (434) 328-3101
> rwmurphy@lawfirmmurphy.com
>
> LOVE CONSUMER LAW
> John A. Love, Esq.
> Ga Bar No. 459155
> 2500 Northwinds Parkway, Suite 330
> Alpharetta, GA 30009
> T: 404.855.3600
> F: 404.301.2300
> tlove@loveconsumerlaw.com
>
> *Counsel for Plaintiff*